[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13775
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00469-ACA-GMB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS JAMES HUDSON, JR.,
a.k.a. D.J. Zygi Hudson,
a.k.a. Zygi Hudson,
a.k.a. Tyler Johnson,
a.k.a. Brandon McDaniels,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 5, 2020)

Before WILLIAM PRYOR, Chief Judge, WILSON and LAGOA, Circuit Judges.

PER CURIAM:

Dennis James Hudson Jr. appeals his sentence for distributing child pornography. 18 U.S.C. § 2252A(a)(2). Hudson argues that we should vacate and remand for resentencing because the district court erred when it announced his sentence, even though it timely corrected the error in its written judgment, *see* Fed. R. Crim. P. 35(a). Because our precedent, *United States v. Joseph*, 743 F.3d 1350, 1356 (11th Cir. 2014), holds that the written judgment governs when the oral pronouncement is contrary to law, we affirm the written judgment.

Hudson pleaded guilty to five counts of producing child pornography, 18 U.S.C. § 2251(a), (e), and one count of distributing child pornography, *id.* § 2252A(a)(2), in exchange for the dismissal of five additional counts of distributing child pornography, *id.* Hudson's presentence investigation report provided an adjusted offense level of 43 that, with a criminal history category of I, resulted in an advisory guideline sentence of imprisonment for life. The presentence report also stated that Hudson faced statutory maximum penalties of 30 years for each offense of production and 20 years for his offense of distribution. Hudson requested a total sentence of 30 years of imprisonment.

At sentencing, on September 12, 2019, the district court adopted the factual statements and calculations in the presentence report and announced it was

sentencing Hudson to five concurrent terms of 30 years for his crimes of production and to a consecutive term of 25 years for his crime of distribution. On September 20, 2019, the district court issued a written judgment that "imprisoned [Hudson] for a term of 30 years concurrently . . . [for the crimes of production charged in] Counts 1–5, and 20 years . . . [for the crime of distribution charged in] Count 11, to run consecutively to Counts 1-5."

We affirm the written judgment, which imposed a lawful sentence. There is no dispute that the district court erred when it announced a sentence for Hudson's crime of distribution that exceeded his statutory maximum penalty by five years. *See* 18 U.S.C. § 2252A(b)(1). Hudson argues that we should vacate and remand for resentencing based on the longstanding rule that, "[w]hen a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). But Hudson "cannot avail himself of [that] general rule" because the "oral pronouncement [of his sentence was] contrary to law." *Joseph*, 743 F.3d at 1353. And we need not remand because the district court corrected its obvious error, as it was permitted to do "[w]ithin 14 days after sentencing," by entering a written judgment that sentenced Hudson to the statutory maximum penalty of 20 years of imprisonment. *See* Fed. R. Crim. P. 35(a).

**AFFIRMED.**

3